## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENZEL WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−0383−MJR |
| | ) |
| JOHN DOE LT, | ) |
| JOHN DOE 1, | ) |
| JOHN DOE 2, | ) |
| JOHN DOE 3, | ) |
| JOHN DOE 4, | ) |
| JOHN DOE 5, and | ) |
| JOHN DOE 6 | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Denzel Walker, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred at Menard Correctional Center. Plaintiff requests compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Amended Complaint

Plaintiff originally filed his case on April 12, 2017. (Doc. 1). However, the Complaint was signed by another inmate, not Plaintiff. (Doc. 1). The Court therefore ordered Plaintiff to submit a properly signed Complaint no later than June 20, 2017, (Doc. 7), which Plaintiff did on May 30, 2017. (Doc. 8). The Court will use the Amended Complaint as the operative complaint.

Plaintiff was incarcerated at Menard Correctional Center during the events at issue here. (Doc. 8, p. 14). Plaintiff was housed in the North II segregation unit on July 11, 2016, when he flooded his cell and threw water at John Does #1-3. *Id.* Plaintiff took this step because he was denied the opportunity to speak to a crisis team member or a mental health professional. *Id.*

After the incident, Doe Lt., and Doe #4 came to Plaintiff's cell, and Plaintiff repeated his request to speak to a crisis team member or a mental health professional. *Id.* Doe Lt. and Doe #4 told Plaintiff to cuff up and that they would take him to see a mental health professional. *Id.* However, after he cuffed up, Plaintiff was led out the back door, which was the opposite direction from where he should have been going and out of view of any cameras. *Id.* John Does

2

#1-3, 5-6 were waiting on the other side of the door. *Id.* Doe #2 punched Plaintiff in the left side of his face. *Id.* Doe # 3 punched him in the right rib. *Id.* Doe #5 clipped Plaintiff in the chin. *Id.* Doe #4 kicked Plaintiff in the butt, causing him to fall, whereupon Doe #6 punched him in his stomach. *Id.* Someone hit Plaintiff in the back, but he didn't see whom. *Id.* Doe #1 deliberately lifted Plaintiff's head, looked him in the eyes, and punched him in the face. *Id.* Once Plaintiff was on the ground, he felt blows from all sides. (Doc. 8, p. 15). Plaintiff was cuffed behind his back at the time. *Id.*

Eventually, someone suggested that Plaintiff was bleeding too much and the assault stopped. *Id.* Doe Lt. told the others that they needed to strip out Plaintiff, and they took off his clothes. *Id.* Doe Lt. ordered Doe #5 to get Plaintiff a jumpsuit and told Doe #4 to check Plaintiff for further injuries. *Id.* Doe #4 allegedly said, "I like beating up black people because they don't bruise easily." *Id.* Once Plaintiff was dressed, Doe Lt. asked him if he was done assaulting staff. *Id.* Plaintiff didn't respond. *Id.* Doe Lt. then began punching Plaintiff again as Doe #4 held him. *Id.* Plaintiff was then taken to the health care unit after being warned that if he tried anything on the way, he would be beaten again. *Id.*

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. At this time, both claims survive threshold review:

**Count 1** – Defendants used excessive force against Plaintiff in violation of the Eighth Amendment when they beat him while he was handcuffed on July 11, 2016.

**Count 2** – Defendants committed an assault and battery against Plaintiff in violation of Illinois state law when they beat him while he was handcuffed on July 11, 2016.

As to Plaintiff's **Count 1**, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

While Plaintiff's Amended Complaint concedes that he assaulted guards immediately prior to this incident by flooding his cell and throwing water on them, he has also alleged that he was compliant and handcuffed at the time of the alleged assault. Further, he has alleged that the guards beat him until he assumed the fetal position, and then beat him some more for failing to respond to the Lieutenant. It is plausible from the Amended Complaint that the force applied was both more than necessary to restore discipline and that the injuries Plaintiff received were significant. Therefore **Count 1** will be permitted to proceed at this time.

Turning to **Count 2**, under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). Plaintiff has pleaded sufficient facts to meet this standard, and **Count 2** shall be permitted

4

to proceed. However, the Court notes that although Plaintiff has used two distinct legal theories, they are based on the same set of facts, and Plaintiff will only be permitted one recovery under the law for the same harm.

## Pending Motions

Plaintiff's motion to appoint counsel will be referred to the Magistrate Judge for disposition. (Doc. 9).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. As Plaintiff has only named John Doe Defendants, Jacqueline Lashbrook in her official capacity as Warden of Menard shall be added to the docket for the purpose of identifying the John Doe Defendants only.

The Clerk of Court shall prepare for Warden Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 5, 2017**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge**
**United States District Court**